MAY'S FURS & READY-TO-WEAR, INC., and HARRY SCHWARTZ, as President of MAY'S EMPLOYEES ASSOCIATION, Respondents, *v.* AARON BAUER, as President of the Retail Women's Apparel Salespeople's Union, Local 1125, Appellant.

Second Department, January 9, 1939.

*Jonah J. Goldstein* [*Lawrence Kovalsky* with him on the brief], for the appellant.

*Benjamin C. Ribman*, for the respondents.

PER CURIAM. The plaintiffs, who are respectively a retail dealer in women's and children's wearing apparel and the president of a voluntary association, the members of which were employees

of that dealer, brought this action in equity to procure a judgment in effect permanently enjoining and restraining the defendant, a labor union, and its adherents from committing trespasses against persons and property, as specified in the prayer for relief in the complaint. After a trial of the issues before the court without a jury, judgment was rendered in favor of the plaintiffs against the defendant for such permanent injunction. From that judgment defendant appeals.

The facts as found by the trial justice are not challenged here. They disclose that no labor dispute within the contemplation of section 876-a of the Civil Practice Act ever existed between plaintiffs or either of them and the defendant. The statutory provisions, therefore, have no application. The acts of the defendant union and its adherents incidental to its alleged picketing of the corporate plaintiff's place of business and in relation to the members of the other plaintiff who were thus employees, were tortious and frequently criminal. Those acts involved coercion of plaintiffs by means of disorderly conduct, shouting, assaults upon the corporate plaintiff's employees and customers, destruction of its property, destruction of customers' property, intimidation of employees and customers by threats of violence to their persons and frequently by actual violence offered to them, and kindred unlawful conduct on the part of the defendant union. Such acts removed the defendant union beyond the pale and protection of section 876-a and made it and its adherents subject to restraint in equity at the instance of the plaintiffs who, in the circumstances, were not required to comply with the provisions of the statute (section 876-a) as a prerequisite to equitable relief in this action.

There was not peaceful picketing here. The defendant union and its adherents, by their conduct referred to, became outlaws and, therefore, not entitled to the protection of the statute. Against such, the restraining process of a court of equity is properly invoked even to the extent of restraining all picketing by the defendant, as is provided in the judgment appealed from. (*Exchange Bakery & Restaurant, Inc.,* v. *Rifkin,* 245 N. Y. 260, 269; *Nann* v. *Raimist,* 255 id. 307; *Stillwell Theatre, Inc.,* v. *Kaplan,* 259 id. 405; *J. H. & S. Theatres* v. *Fay,* 260 id. 315, 318; *Busch Jewelry Co., Inc.,* v. *United Retail, etc., Union,* 168 Misc. 224, 229, 232; affd., 255 App. Div. 970 [First Dept.]. *Vide Remington Rand, Inc.,* v. *Crofoot,* 248 App. Div. 356; affd., 279 N. Y. 635.)

Notwithstanding the provisions of section 876-a, which are merely declaratory of the law existing at the time of its enactment (*Remington Rand, Inc.,* v. *Crofoot, supra*), still resident in the

Supreme Court of New York is its ancient equitable jurisdiction (N. Y. Const. art. 6, § 1), which upon the unchallenged facts in this case was broadly and properly exercised by the Special Term.

The judgment should be affirmed, with costs.

Present — HAGARTY, DAVIS, ADEL, TAYLOR and CLOSE, JJ.

Judgment unanimously affirmed, with costs.